# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIFFANY PALACIOS HERRERA,<br>    Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No.  1:19-cv-02917 |

## **PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS**

Plaintiff, Tiffany Palacios Herrera, by and through undersigned counsel, hereby files this Opposition to Defendants' Renewed Motion to Dismiss.

In support of this Opposition to Defendants' Renewed Motion to Dismiss, Plaintiffs respectfully refer the Court to the following Memorandum of Points and Authorities in support thereof.

Respectfully submitted,

**/s/ James O. Hacking, III**
James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIFFANY PALACIOS HERRERA,<br>    Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 1:19-cv-02917 |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT'S RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

This is a case about delay and family separation. This matter is before the Court because the Defendants have refused to issue a final decision on a visa application that Plaintiff Tiffany Palacios Herrera filed on behalf of her spouse, Jesus Palacios Herrera on July 10, 2015. Instead of issuing a final decision, the Defendants have wasted this Court's time by filing a second meritless Motion to Dismiss. This Motion is almost identical to their prior Motion to Dismiss, which the Court denied, and raises only one new argument. Defendants want this Court to assist them in perpetuating their ongoing efforts at delay by dismissing the case, thereby exacerbating the injury to the Plaintiff in her separation from her spouse. This, the Court should refuse to do.

### I.     PROCEDURAL HISTORY OF LAWSUIT

Plaintiff has waited almost five years for a final decision on the visa application she filed on July 10, 2015. Plaintiff filed her Complaint in the Nature of Mandamus with this court on September 27, 2019. ECF No. 1. Defendants filed a Motion to Dismiss with this Court on

December 16, 2019, which the Court denied on April 6, 2020. ECF No. 4. Defendants filed a Renewed Motion to Dismiss on April 20, 2020. ECF No. 8. This Motion is now before the Court.

II. **ARGUMENT**

Defendants' arguments appear to revolve around three primary concepts: first that Plaintiff's claims are moot, therefore lacking subject matter jurisdiction, because a decision has purportedly been made in Plaintiff's case, second that judicial review is not available for decisions made by consular officers, and third, that the Plaintiffs have failed to state a claim for relief.

The first two claims are identical to the claims raised in Defendants' previous Motion to Dismiss, which the Court has already denied. Plaintiff will briefly address the first two claims as they were fully briefed in our previous response. Plaintiff will focus on the one new claim that the Defendants have raised.

A. **Defendants' arguments are to the merits of Plaintiff's claims, not to the issue of subject matter jurisdiction. Also, Plaintiff's Claims are not moot because there has been no final adjudication of Plaintiff's visa application.**

The Defendants raised this claim in their previous Motion to Dismiss, and the court denied that Motion. Defendants contend that Plaintiff's visa was already denied, however Plaintiff has not actually been served or received a final adjudication of her visa application. Minute Order, April 6, 2020); Pls' Compl. ¶ 27. Plaintiffs are not asking this Court to inquire into the merits of and thereafter adjudicate Plaintiff's immigrant visa application, but rather to compel Defendants to render a *final decision* on Plaintiff's visa application. This case is not moot as Plaintiff has not obtained a final decision on her spousal visa application (as the Court previously held), and this case involves an actual case or controversy regarding whether or not the Defendants should be compelled to issue such a final decision.

Moreover, Defendants' arguments are to the *merits of Plaintiff's claims*, not to the issue of whether or not this court has subject matter jurisdiction pursuant to 12(b)(1). Defendants claim

that the Court lacks jurisdiction under the Mandamus Act. The sole basis for this argument is Defendants' erroneous contention that there is no clear nondiscretionary duty to complete the investigation and to examine immigrant visa applications within a specific time frame. The Mandamus Act provides this Court with explicit subject matter jurisdiction over Plaintiff's claims for unreasonable delay.

    **B. Plaintiff's claims are unaffected by the Doctrine of Consular Nonreviewability and Defendants erroneously interpret said Doctrine.**

Again, this claim was already raised by Defendants in their previous Motion to Dismiss and rejected by the Court. U.S. district courts have jurisdiction to compel agencies such as the Defendants here to render a final decision on a matter before the agency within a reasonable amount of time. This jurisdiction comes from the APA and from the Mandamus Act. Under 28 U.S. C. § 1361, federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under the APA, courts are authorized to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also* 5 U.S.C. § 555(b) ("within a reasonable time, each agency shall proceed to conclude a matter presented to it").

Defendants argue that Plaintiffs should be barred from pursuing their claims under the Doctrine of Consular Nonreviewability. However, this argument is based on their mistaken assertion that Plaintiff is asking this Court to review a final decision on Plaintiff's visa application. Since a final decision has not been reached, this is certainly not the case. Plaintiff has not received a final decision on her application and therefore does not seek its review here.

    **C. Plaintiff has stated claims which, if true, entitle Plaintiff to legal remedies.**

We will address this claim in its entirety as this claim was not raised by Defendants in their previous Motion to Dismiss. This is the only new claim raised by Defendants in their Second Motion to Dismiss.

Under Rule 12(b)(6), the proper inquiry is whether the facts alleged, if true, entitle Plaintiff to some legal remedy. To survive a motion to dismiss for failure to state a claim, Plaintiff need only plead a cognizable legal theory, with facts sufficient to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations in the complaint are assumed to be true, and a "well-pleaded complaint may proceed even if it appears that 'a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). If Plaintiff makes such a showing, dismissal is unwarranted.

In *Twombly*, the Supreme Court set forth "the unobjectionable proposition that, when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at n. 8. Motions to dismiss for failure to state a claim under 12(b)(6) are "viewed with marked disfavor and are rarely granted." *St. Marie and Son, Inc. v. Hartz Mountain Corp*., 414 F. Supp. 71, 74 (D. Minn. 1976) (*citing Barnes v. Dorsey*, 480 F.2d 1057 (8th Cir. 1973)); *see* 5A Charles A. Wright & Arther R. Miller, Federal Practice and Procedure § 1357 (1990). Under this broad standard, Plaintiff's complaint more than meets the requirements of a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 512 (2002) (*quoting* Fed. R. Civ. P. 8(a)(2)).

Defendants contend that Plaintiff's claims should be dismissed because USCIS did not delay processing the petition. This is a vast oversimplification of Plaintiff's claims. While USCIS may have approved Plaintiff's spousal petition, the other defendants have unnecessarily withheld

and delayed final adjudication in this matter beyond any reasonable waiting period. This is precisely why the case is here and dismissal is unwarranted.

## IV. CONCLUSION

The Defendants' brief fails to establish that they are entitled to dismissal. The Plaintiff has waited almost five years for a final adjudication of her spouse's immigrant visa petition. The Complaint states valid claims under the Mandamus Act and the APA. For these reasons, the Motion to Dismiss should be denied and the Court should issue its scheduling order.

Respectfully submitted,

**/s/ James O. Hacking, III**
James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May 1, 2020, the foregoing was served via operation of the Court's CM/ECF system upon the following counsel of record for Respondents:

Alan Burch
D.C. Bar #470655
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2550
alan.burch@usdoj.gov

*/s/ James O. Hacking, III*